United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARIE N. MUSAWWIR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-04972-LB<br><br>**ORDER DISMISSING CASE WITH LEAVE TO AMEND**<br><br>Re: ECF No. 1 |

**INTRODUCTION**

Plaintiff Marie Musawwir, who is representing herself, sued the State of California and Governor Edmund Gerald "Jerry" Brown.[1] She seeks damages of $10,000,000,000 based on a number of alleged violations of the Constitution and federal criminal law.[2] The court granted Ms. Musawwir's application to proceed *in forma pauperis*, reserving the issue of service for this order.[3] Ms. Musawwir declined magistrate jurisdiction.[4]

---

[1] Compl. – ECF No. 1 at 1. (Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.)

[2] *Id.* at 1–5.

[3] Order – ECF No. 6.

[4] *See* Docket.

ORDER – No. 18-cv-04972-LB

Before authorizing the U.S. Marshal to serve the defendants, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The court holds that the complaint fails to state a claim. Ms. Musawwir does not support her claims with a coherent and legally sufficient factual narrative. *See generally* Fed. R. Civ. P. 8(a)(1), 12(b)(6). This is Ms. Musawwir's first attempt to plead her claims. The court dismisses Ms. Musawwir's complaint without prejudice, granting leave to amend.

## STATEMENT

Ms. Musawwir alleges that the State of California and Governor Brown have committed Treason, Bribery and other High Crimes and Misdemeanors, and "ALL STATUTES- under Federal Law–Title 18 Crimes–Chapter 115–Treason, Sedition, and Subversive Activities."[5] Ms. Musawwir notes in her complaint that she is filing her suit "In the Name of Yaweh, Most High," and on behalf of her deceased brother Elmer Davis and his widow Vertice Davis and "We The People of the United States of America."[6] Ms. Musawwir's complaint does not include any facts related to her claims.

## ANALYSIS

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth

---

[5] Compl. – ECF No. 1 at 3.
[6] *Id.* at 1.

Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Here, the plaintiff has failed to state a claim upon which relief may be granted, and the named defendant has absolute immunity from suit on the facts alleged. The complaint is dismissed without prejudice and with leave to amend should plaintiff choose to file an amended complaint.

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitle[ment] to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Under this standard, Ms. Musawwir's complaint fails to state a claim. She cites statutes that do not provide a private right of action.[7] She does not allege facts describing events that might state a claim in the complaint.[8] Without a statement of facts, the court cannot evaluate whether there is a claim and therefore dismisses the complaint. In order to proceed, Ms. Musawwir may file a First Amended Complaint. Among other things, her First Amended Complaint must:

1. be double-spaced, *see* N.D. Cal. Civ. L.R. 3-4(c)(2),
2. contain paragraph breaks, *see* Fed. R. Civ. P. 10(b),
3. begin each paragraph with a paragraph number in ascending order (i.e., the very first paragraph in the complaint should be numbered paragraph 1, the second paragraph numbered paragraph 2, and so on, without skipping or reusing any numbers), *see id.*,
4. use clear headings to delineate each claim alleged (e.g., ADA versus 42 U.S.C. § 1983 versus FHA, etc.), *see id.*, and
5. plead clear facts that support each claim under each header.

Ms. Musawwir must also consider the proper defendants to name in any amended complaint. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237–38 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 676–77 (1974). "A state waives its Eleventh Amendment immunity if it 'unequivocally evidence[s its] intention to subject itself to the jurisdiction of the federal court.'" *Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1021 (9th Cir. 2010) (quoting *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 758 (9th Cir. 1999)). Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Pugh*, 438 U.S. 781). The State of California has not waived its Eleventh Amendment immunity as to Ms. Musawwir's claims.

---

[7] *See, e.g., id.*
[8] *Id.*

To help Ms. Musawwir, the court attaches a copy of the district court's handbook called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*. It provides information on what is required to plead a claim in federal court, as well as instructions on how to proceed at every stage of a case, including discovery, motions, and trial.

## CONCLUSION

The court dismisses Ms. Musawwir's complaint without prejudice and with leave to amend. If Ms. Musawwir chooses to file an amended complaint, she must do so by September 20, 2018.

Ms. Musawwir may also dismiss her case voluntarily by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice, thereby allowing Ms. Musawwir to file a complaint later if she can cure the complaint's deficiencies.

If Ms. Musawwir does not file a first amended complaint by September 20, 2018, or ask for an extension of the time to do so, the court will close the case without prejudice to Ms. Musawwir's timely refiling if she can cure the complaint's deficiencies.

**IT IS SO ORDERED.**

Dated: August 28, 2018

_____
LAUREL BEELER
United States Magistrate Judge